UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DAVYDON, et al.,<br><br>　　　　　Defendants. | Case No. 1:25-cv-01504-HBK (PC)<br><br>ORDER TO RANDOMLY ASSIGN CASE TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915 (g)[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 2) |

　　　　Plaintiff Ricardo Martinez, a state prisoner currently confined at the California Substance Abuse Treatment Facility ("SATF"), operated by the California Department of Corrections and Rehabilitation ("CDCR"), initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on August 26, 2025, in the Northern District of California. (Doc. No. 1, "Complaint"). On the same day, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (Doc. No. 2). The Northern District transferred Plaintiff's case to this Court on November 6, 2025. (Doc. Nos. 9, 10). The undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three actions

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).

or appeals that constitute strikes and the Complaint does not establish that Plaintiff meets the imminent danger exception.

## BACKGROUND

Plaintiff's Complaint lists the following as Defendants: Rostislav Davydon, Primary Care Provider at SATF; J. Clark Kelso, Court-Appointed Receiver; J. Lewis, Former CDCR Deputy Director; and B. Phillips, Administrative Warden at SATF. (Doc. No. 1 at 2). The Complaint is disjointed, consisting primarily of conclusory statements interspersed with notices to Defendant Phillips. (*Id*. at 3-12). The Complaint references and attaches a health care request form dated July 31, 2025, MRI reports from 2013, 2015, and 2018,[2] and healthcare grievances dated November 19, 2024 and July 24, 2024. (*Id*. at 13-28). To the extent discernable, the Complaint alleges an Eighth Amendment deliberate medical indifference claim.

Based on the attached MRI reports, Plaintiff was previously diagnosed with spinal cord abnormalities, including suspected lumbar disc disease, disc protrusions, and lesions at various times prior to 2018. (*Id*. at 14-21). As a result, Plaintiff states he suffers from loss of function of his upper and lower extremities and is in pain. (*Id.* at 3). He alleges that in 2024, his primary care provider, Defendant Davydon, denied him "serious medical care" by denying his request for a second opinion regarding the "worsening" of his neurological symptoms. (*Id*. at 8, 24). Plaintiff further alleges Defendant Davydon's denial for a second opinion was based on false progress notes from a nurse practitioner on March 26, 2024. (*Id.*). In his recent health care service request dated July 31, 2025, Plaintiff requests to see medical for his spinal cord compressions, harsh pain, chest pain, discharge of blood from his ears, irregular flashing headaches, and weakness in his hands, shoulders, feet, and legs. (*Id.* at 13).

The Complaint also includes two unrelated claims. First, Plaintiff asserts if Defendant Phillips were to take an adverse action against Plaintiff in response to Plaintiff's filing of a claim, then that action would be retaliation under the First Amendment. (*Id.* at 7). Second, Plaintiff contends officials at Kern Valley hired inmates to assault him on July 14, 2018, and July 21,

---

[2] The 2018 report appears to be a transcription of the report in Plaintiff's handwriting.

2

1  2019.  (*Id.*).  Plaintiff seeks a court order as relief.  (*Id.* at 3).

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00. *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

### A. Applicable Three Strikes Law

The "Three Strikes Rule" states:
> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation.  *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim.  *Id.*; *see also Andrews*, 493 F.2d at 1052.

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g).  The reviewing court then looks to the basis of prior dismissals.  *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, failure to state a claim, or an appeal was dismissed for the same reasons.  *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as

3

a strike during the pendency of the appeal); *Spencer v. Barajas*, 140 F.4th 1061, 1068 (9th Cir. 2025) (finding a voluntary dismissal under Rule 41(a)(1) was not a strike because the dismissal was not "'on the grounds that' the case was frivolous, malicious, or failed to state a claim"). It is immaterial whether the dismissal for failure to state a claim was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews*, 493 F.3d at 1051-52 (addressing the imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

To avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted). The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v.*

4

1  *Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier times are immaterial, as are any subsequent conditions.  *Andrews*, 493 F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

### B. Plaintiff Has Three or More Qualifying Strikes

A review of the PACER Database reveals that Plaintiff has filed at least eleven civil actions or appeals in a court of the United States.[3]  The Court takes judicial notice that Plaintiff has incurred at least three strikes prior to filing the instant action:

- *Martinez v. Davey, et al.*, No. 1:16-cv-00084-LJO-BAM (PC) (E.D. Cal Oct. 30, 2017) (dismissed for failure to state a claim upon which relief may be granted after Plaintiff failed to file amended complaint) (Doc. No. 48);
- *Martinez v. Davey*, No. 1:16-cv-01655-AWI-BAM (PC) (E.D. Cal. Mar. 5, 2018) (dismissed for failure to state a claim) (Doc. No. 23);
- *Martinez v. Lewis, et al.*, No. 1:19-cv-00812-DAD-SAB (PC) (E.D. Cal. Dec. 16, 2019) (dismissed for failure to state a claim) (Doc. No. 24);
- *Martinez v. Standon et al.*, No. 1:19-cv-00845-DAD-SAB (PC) (E.D. Cal. Dec. 11, 2019) (dismissed for failure to state a claim) (Doc. No. 24);
- *Martinez v. Pfeiffer, et al.*, No. 1:19-cv-01684-DAD-SAB (PC) (E.D. Cal Mar. 30, 2020) (dismissed for failure to state a claim) (Doc. No. 26);
- *Martinez v. Brown, et al.*, No. 1:19-cv-00967-AWI-GSA (PC) (E.D. Cal. Dec. 2, 2020) (dismissed for failure to state a claim) (Doc. No. 33); and
- *Martinez v. Gitova et al.*, No. 5:19-cv-03087-EJD (N.D. Cal. Mar. 27, 2020) (dismissed for failure to state a claim) (Doc. No. 9).

Plaintiff has previously been denied IFP status by at least four other courts because of his three-striker status.  *See, e.g.*, *Martinez v. Zepp, et al.*, 1:20-cv-00646-DAD-JLT (PC) (E.D. Cal. June 8, 2020) (Doc. No. 15); *Martinez v. Pfeiffer*, No. 1:20-cv-00998-DAD-SKO (PC) (E.D. Cal. May 17, 2021) (Doc. No. 19); *Martinez v. Pfeiffer et al.*, No. 1:22-cv-00126-ADA-HBK (PC) (E.D.

---

[3] https://pacer.uscourts.gov.

5

Cal. Sep. 7, 2022) (Doc. No. 13); and *Martinez v. Ornelas et al.*, No. 1:22-cv-00909-ADA-GSA (PC) (E.D. Cal. Sep. 23, 2022) (Doc. No. 8).  As evidenced by the above, Plaintiff has three or more qualifying strikes for purposes of § 1915(g).

### C. The Imminent Danger Exception Does Not Apply

Due to Plaintiff's three-strike status, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury on the date the Complaint is filed.  *Andrews*, 493 F.3d at 1052-53.  Liberally construing the Complaint, the undersigned finds that it contains no plausible allegations sufficient to allege Plaintiff faced imminent danger of serious physical injury at the time he filed this action.

Admittedly, Plaintiff suffers from spinal cord lesions and/or various neurological conditions.  (Doc. No. 1 at 3).  Spinal and neurological conditions can be serious conditions that if not treated properly may place a person in imminent danger of physical bodily harm.  *Dopp v. Larimer*, 731 F. App'x 748, 751 (10th Cir. 2018) (finding an allegation of an inadequately treated spinal condition that was worsening sufficient to allege imminent danger).  Indeed, this Court has previously found that Plaintiff's complained of symptoms and failure to treat them stated a viable Eighth Amendment deliberate indifference claim.  See *Martinez v. Davey*, No. 1:16-cv-1658-AWI-JLT(PC), 2020 WL 605363, at *3 (E.D. Cal. Feb. 7, 2020), *report and recommendation adopted*, No. 116CV1658AWIJLTPC, 2020 WL 4892251 (E.D. Cal. Aug. 20, 2020) (finding Plaintiff's claim that he requires further treatment by a neurosurgeon specializing in spinal tumors for his "lesions and tumors on his spine causing him tremendous pain, weakness, and a tendency to fall," "lesions to the head that are causing a hemorrhage of the left ear," and "flashing headaches" when "medical specialists" recommended "further treatment" and defendants failed to provide any treatment sufficiently stated an Eighth Amendment deliberate indifference claim).[4]

Here, Plaintiff does not allege that he is not being treated for his chronic medical condition.  Instead, Plaintiff appears to disagree with his current treatment for his spinal and

---

[4] Plaintiff's complaint in this earlier action was ultimately dismissed for failure to exhaust his administrative remedies.  *Martinez v. Davey*, No. 1:16-cv-1658-DAD-JLT(PC), 2021 WL 4480498 (E.D. Cal. Sept. 30, 2021).

1  neurological conditions. *See Simmons v. Clark*, 88 F. App'x 275 (9th Cir. 2004) (unpublished)
2  (affirming the district court's conclusion that the plaintiff had failed to identify an imminent
3  danger, where the plaintiff was receiving medical care for ongoing pain but disagreed with the
4  course of treatment).  The gravamen of Plaintiff's Complaint is that his primary care provider,
5  Defendant Davydon, refused in 2024 to refer him to a specialist for a "second opinion
6  evaluation."  (Doc. No. 1 at 3, 24).  Denial of a request for a second opinion, that occurred over a
7  year ago, is insufficient to allege imminent danger.  *Frederick v. Kever*, 2019 WL 3857705, at *3
8  (N.D. Fla. Aug. 8, 2019) (finding a denial of a request for a second opinion is insufficient to show
9  imminent danger when the claims arise out of events that occurred more than 5 months prior to
10 the filing of plaintiff's complaint).  *Kelly v. Warden of Kern Valley State Prison*, 2024 WL
11 4450655, at *6-8 (E.D. Cal. Oct. 9, 2024) (finding no imminent danger when a plaintiff did not
12 receive the care he wanted regarding his heart condition but was still receiving care); *McElroy v.*
13 *Dep't of Corr.*, 2025 WL 1403995, at *8 (N.D. Cal. Apr. 16, 2025) (finding vague claims of
14 denial of medical care are insufficient to show imminent danger).  Plaintiff is not entitled to a
15 particular type of treatment, and his disagreement with his current treatment, without more, does
16 not allege he is in imminent danger of physical harm.  *Roberts v. Spalding*, 783 F.2d 867, 870
17 (9th Cir. 1986) (stating an inmate does not have a right to outside medical care).
18          The Complaint is devoid of dates regarding the conduct of Defendants J. Clark Kelso, J.
19 Lewis, and B. Phillips,.  (Doc. No. 1 at 4-6).  Plaintiff's broad assertion that the above Defendants
20 were aware of Defendant Davydon's alleged unconstitutional acts but failed to act on this
21 information does not fall within the scope of the imminent danger exception.  *See Stine v. Fed.*
22 *Bureau of Prisons,* No. 1:13-CV-1883 AWI-MJS, 2015 WL 5255377, at *6 (E.D. Cal. Sept. 9,
23 2015) ("[o]verly speculative and fanciful allegations do not plausibly show imminent danger")
24 (citing *Andrews*, 493 F.3d at 1057 n. 11); *McElroy v. Dep't of Corr.*, 2025 WL 1403995, at *8
25 (N.D. Cal. Apr. 16, 2025) (finding vague claims of denial of medical care are insufficient to show
26 imminent danger).
27          Furthermore, although Plaintiff claims that he suffers from loss mobility in his upper and
28 lower extremities, he fails to allege this loss resulted from or was in anyway connected to a denial

1  of medical care, when this loss occurred, or if Plaintiff is currently at risk of further loss.  (*See*
2  *id.*); *Bibbs v. Kern Valley State Prison*, 2024 WL 4957231, at *3 (E.D. Cal. Nov. 22, 2024),
3  (finding no imminent danger when plaintiff had spinal abnormalities for over a year and failed to
4  allege the denial of medical care would worsen his condition) *vacated as moot*, 2024 WL
5  5220577 (E.D. Cal. Dec. 26, 2024).  Instead, Plaintiff suffers from chronic pain and is receiving
6  treatment but desires a "second" outside opinion.  Courts have found no imminent danger where a
7  prisoner suffers from chronic pain but is receiving treatment.  *Florence v. Allison*, No. 22-cv-
8  02265-JSC, 2023 WL 2375253, at *3 (N.D. Cal. Mar. 6, 2023) (collecting cases).

9        And despite Plaintiff attaching a recent request for health care services, Plaintiff does not
10 claim that he was denied health care services for these additional ailments[5] nor does he allege that
11 he is experiencing these ailments in the body of his Complaint.  Critical, the imminent danger
12 exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at
13 some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056.  Therefore, the Complaint fails to
14 allege facts that Plaintiff is in imminent danger of physical harm in connection to his deliberate
15 indifference medical claim.

16       Finally, the undersigned finds that neither of the Complaint's unrelated vague claims
17 stemming from events that occurred in 2018 and 2019 fare any better.  Without more, these
18 allegations fail to indicate the existence of an ongoing threat of imminent danger.  Plaintiff does
19 not allege any current risk of retaliation nor that his currently subject to any imminent physical
20 attacks by inmates.  *See Garrett v. Pat. Horn, Warden of Kern Valley State Prison*, No. 1:25-cv-
21 00128-HBK (PC), 2025 WL 868899, at *13 (E.D. Cal. Mar. 20, 2025) (finding a single incident
22 of excessive force occurring months prior to the filing of the complaint failed to show imminent
23 physical danger), *report and recommendation adopted*, 2025 WL 1151075 (E.D. Cal. April 18,
24 2025), *appeal dismissed*, 2025 WL 3205862 (9th Cir. Oct. 23, 2025); *Gonzales v. Castro*, No.
25 1:09-cv-01545-AWI-MJS, 2010 WL 2471030, at *2 (E.D. Cal. June 9, 2010) (finding prison staff

---

[5] Plaintiff's recent medical request sought medical care for his spinal cord compressions, harsh pain, chest pain, discharge of blood from his ears, irregular flashing headaches, and weakness of the hands, arms, shoulders, hips, feet, and legs are the same symptoms he advanced in his earlier case.

retaliation occurring three months before filing of complaint insufficient to show an ongoing threat), *report and recommendation adopted*, 2010 WL 3341862 (E.D. Cal. Aug. 25, 2010).

Based on the foregoing, because there are no factual allegations from which the Court can infer that Plaintiff is not receiving medical care for his chronic pain and is currently under threat of imminent physical harm sufficient to invoke the § 1915(g) exception, the undersigned recommends Plaintiff's IFP motion be denied under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

Accordingly, it is hereby **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

2. Plaintiff be directed to pay the $405.00 filing fee in full, absent which the Court dismiss this action without prejudice.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     December 5, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE