UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>ROSTISLAV DAVYDON, et al.,<br><br>  Defendants. | Case No. 1:25-cv-01504-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(Doc. Nos. 3, 7, 13) |

Pending before the Court are Plaintiff's motions to appoint counsel filed on August 26, 2025, October 28, 2025, and November 20, 2025, respectively.[1] (Doc. Nos. 3, 7, 13). Each of Plaintiff's motions consist of only one page and each seek appointment because (1) Plaintiff cannot afford legal representation, (2) Plaintiff has a limited knowledge of the law, and (3) this case will likely involve conflicting testimony that counsel would better present.

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1996), did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for

---

[1] Plaintiff's August 26, 2025 and October 28, 2025 motions were filed prior to the United States District Court in the Northern District of California transferring this case to this Court on November 4, 2025.

1 people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.
2 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other
3 citations omitted).  However, motions to appoint counsel in civil cases are granted only in
4 "exceptional circumstances." *Id.* at 1181.  The court may consider many factors to determine if
5 exceptional circumstances warrant appointment of counsel including, but not limited to, proof of
6 indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his
7 or her claims pro se in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v.*
8 *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en*
9 *banc*, 154 F.2d 952 (9th Cir. 1998).

10       Plaintiff has not met the "burden of demonstrating exceptional circumstances*."*  *Jones v.*
11 *Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  First, Plaintiff's indigence does not
12 qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*,
13 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *see also Callender v. Ramm*, 2018 WL
14 6448536, at *3 (E.D. Cal. Dec. 10, 2018).  Plaintiff's purported lack of general knowledge of the
15 law and or ability to litigate a case are common challenges faced by pro se litigants but do not
16 warrant appointment of counsel.  *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020)
17 (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally
18 different from the majority of the challenges faced by pro se litigants.").  Nothing in the record
19 suggests that Plaintiff lacks the ability to competently litigate this case.   And contrary to
20 Plaintiff's assertion, the Court does not find that the legal issues are "so complex that due process
21 violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29
22 (9th Cir. 1993).

23       Accordingly, it is **ORDERED**:

24       Plaintiff's motions to appoint counsel (Doc. Nos. 3, 7, and 13) are DENIED.

25 Dated:  December 6, 2025

26       HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

27

28